UNITED STATES BANKRUPTCY COURT
DISCTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
GREGORY D. WHALL,                            Chapter 13
            DEBTOR                            Case No. 06-10832-WCH

_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

　　　　The matter before the Court is the Massachusetts Department of Revenue's (the "MDOR") Objection to Post-Confirmation Fourth Amended Chapter 13 Plan (the "Objection") and Gregory D. Whall's (the "Debtor") Memorandum of Law in Opposition to the Objection (the "Memorandum"). The MDOR objects to the Debtor's proposed payment of post-petition income taxes through the Debtor's Post-Confirmation Fourth Amended Chapter 13 Plan (the "Fourth Amended Plan") where the MDOR did not file a proof of claim for post-petition tax liabilities. The Debtor contends that the post-petition taxes accrued against the bankruptcy estate and therefore may be paid as an administrative claim through the Fourth Amended Plan pursuant to 11 U.S.C. § 503(b)(1)(B)(i). For the reasons set forth below, I will enter an order sustaining the Objection.

**II. BACKGROUND**

　　　　The facts of this case are not in dispute. The Debtor filed a Chapter 13 petition on April 3, 2006. On May 12, 2006, the Debtor filed his first Chapter 13 plan which provided for payment of the MDOR's pre-petition priority tax claim in the amount of $1,100. An order confirming that plan, consistent with the Massachusetts Official Local Form 4, entered on July 31, 2006.

　　　　On September 13, 2006, the MDOR filed a timely proof of claim setting forth a priority tax

1

claim for unpaid pre-petition income taxes for the years 2003, 2004, and 2005 in the amount of $1,988.98. On April 15, 2007, the Debtor filed his Massachusetts personal income tax return for the 2006. The return reflected an unpaid income tax liability for 2006 in the amount of $1,468. In June, 2007, the MDOR issued to the Debtor a bill for the unpaid 2006 income tax, showing a balance due of $1,516, inclusive of interest and penalties.[1] It did not, however, file a proof of claim for unpaid post-petition taxes.

After numerous failed attempts to amend his plan to provide for the updated tax claim, the Debtor filed the Fourth Amended Plan on March 27, 2008.[2] The Fourth Amended Plan reflects an increase in the amount of the pre-petition priority unsecured claim of the MDOR from $1,100 to $1,989. Additionally, the Fourth Amended Plan proposes to pay the MDOR's claim for unpaid post-petition taxes as an administrative claim in the amount of $1,516.[3]

On April 16, 2008, the MDOR filed the Objection, asserting that the Debtor's proposed treatment of the MDOR's claim for unpaid post-petition taxes through the Fourth Amended Plan is prohibited by its election not to file a proof of claim for post-petition taxes. The Debtor subsequently filed the Memorandum in which he contends that the unpaid post-petition tax claims may be allowed and paid as an administrative expense of the estate pursuant to 11 U.S.C. § 503(b)(1)(B)(i). On April

---

[1] *See* Mass. Gen. Laws ch. 62C, §§ 32-33.

[2] The Debtor's first two amended plans were apparently electronically filed incorrectly. The Debtor successfully filed two Third Amended Plans, to which the Chapter 13 trustee objected on the basis that, *inter alia*, they were improperly calculated, unfeasible, and that the treatment of the MDOR's priority claim was inconsistent with its proof of claim.

[3] Through the Fourth Amended Plan, the Debtor similarly proposes to pay the Internal Revenue Service (the "IRS") $3,754 for unpaid post-petition taxes as an administrative expense. The IRS has not filed a proof of claim for unpaid post-petition taxes or an objection to the Fourth Amended Plan.

24, 2008, I held a hearing on the Objection, and thereafter, took the matter under advisement.

## III. POSITIONS OF THE PARTIES

<u>The MDOR</u>

The MDOR argues that pursuant to 11 U.S.C. § 1305(a), only the governmental unit holding a claim for post-petition taxes is authorized to file a proof of claim for those taxes. The MDOR, however, has intentionally elected not to file such a claim because 11 U.S.C. § 1305(b) would require it to relinquish its claim for interest and penalties that would otherwise accrue under applicable state law. This election, the MDOR asserts, is reserved to it by the express provisions of the Bankruptcy Code.[4] Due to its election, the MDOR argues that it does not hold an allowed claim under 11 U.S.C. § 1305(a) with respect to the unpaid post-petition taxes and therefore the Debtor may not provide for payment of the claim in a Chapter 13 plan pursuant to 11 U.S.C. § 1322(b)(6).

The MDOR relies on *In re Brown*[5] for the proposition that 11 U.S.C. § 1305(a), and not 11 U.S.C. § 503(b), controls post-petition tax claims in Chapter 13. In so doing, it urges me to reject *In re Dawes*,[6] a Chapter 12 case relied on by the Debtor, which held that the phrase "incurred by the estate" merely refers to the time when the liability is incurred. In any event, the MDOR argues, the Debtor's Chapter 13 estate has not been assessed a tax, nor has the MDOR attempted to collect one,

---

[4] The MDOR also contends that it is not a "creditor" with respect to the unpaid post-petition taxes as that term is defined in 11 U.S.C. § 101(10) because the post-petition tax liability arose nine months after the order for relief, the Debtor filed a voluntary Chapter 13 petition and has not converted to Chapter 7, and the claim does not arise from the rejection of an executory contract or the recovery of property. *See* 11 U.S.C. §§ 101(10), 348(d), 502(f)-(i). As such, the Debtor cannot rely on 11 U.S.C. § 501(c) to file a proof of claim on the MDOR's behalf.

[5] *In re Brown*, No. 05-41071, 2006 WL 3370867 (Bankr. D. Mass. Nov. 20, 2006).

[6] *In re Dawes*, 382 B.R. 509, 517 (Bankr. D. Kan. 2008)

as it is prohibited from doing so under 11 U.S.C. § 346(b).

### The Debtor

The Debtor contends that the provisions of 11 U.S.C. § 503(b)(1)(B)(i) provide that any taxes incurred or deemed to have accrued against a bankruptcy estate on a post-petition basis may be allowed and paid as an administrative expense. The Debtor relies on the form of Order of Confirmation in this district which provides for the continuation of the estate during the term of the plan and the vesting of property in the debtor only upon discharge.[7] The Debtor argues that because post-petition earnings continue to be property of the estate, "it stands to simple reason that any income tax, state or federal, that is 'incurred' with the accrual of such post-petition earnings during the course of a Chapter 13 case would necessarily be treated and must be paid as an administrative expense of the bankruptcy estate . . . ."[8] The Debtor relies on *In re Dawes* for the proposition that the "incurred by the estate" language of 11 U.S.C. § 503(b)(1)(B)(I) simply means "incurred during the existence of the estate," rather than "taxable to the estate.[9] Although the *Brown* court rejected this view and instead found that the Chapter 13 estate is not a taxable entity, the Debtor argues that there are numerous Chapter 7 and 11 cases in which corporate debtors have treated post-petition taxes as administrative claims despite the absence of a separate taxable entity.[10]

---

[7] *See* Massachusetts Official Local Form 4.

[8] Memorandum, Docket No. 94 at 3.

[9] *Dawes*, 382 B.R. at 517.

[10] *See e.g.*, *United Mine Workers of Amer.1992 Benefit Plan v. Rushton (In re Sunnyside Coal Co.)*, 146 F.3d 1273 (10th Cir.1998); *In re Scott Cable Communications, Inc.*, 227 B.R. 596, 600 (Bankr. D. Conn.1998); *In re Pacific-Atlantic Trading Co.*, 64 F.3d 1292, 1301 (9th Cir. 1995); *In re Hillsborough Holdings Corp.*, 156 B.R. 318 (Bankr.M.D.Fla.1993).

The Debtor asserts that the Objection mischaracterizes the issue as being whether the Debtor may file a proof of claim for post-petition tax liabilities on behalf of the MDOR, which the Debtor notes, and the MDOR concedes, he has not attempted to do. Rather, the Debtor contends, the issue is whether the Debtor may amend his Chapter 13 plan to pay a post-petition administrative expense of the estate. As such, 11 U.S.C. § 1305(a) is not applicable because there is generally no requirement that a proof of claim be filed to allow an administrative expense under 11 U.S.C. § 501(c). The Debtor concedes, however, that if the Debtor's income was not property of the estate, 11 U.S.C. § 1305(a) would preclude payment of the unpaid post-petition taxes through a plan.

## IV. DISCUSSION

Section 503 of the Bankruptcy Code provides in relevant part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including--
> (1)(B) any tax--
> (i) *incurred by the estate*, whether secured or unsecured, including property taxes for which liability is in rem, in personam, or both, except a tax of a kind specified in section 507(a)(8) of this title; or . . .[11]

Section 346 of the Bankruptcy Code contains special provisions related to the treatment of state and local taxes.[12] Like many other sections of the Bankruptcy Code, it was substantially amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") which is applicable to this case. Section 346(b) now provides in relevant part:

> Whenever the Internal Revenue Code of 1986 provides that no separate taxable estate shall be created in a case concerning a debtor under this title, and the income, gain, loss, deductions, and credits of an estate shall be taxed to or claimed by the debtor,

---

[11] 11 U.S.C. § 503(b)(1)(B)(i) (emphasis added).

[12] *See* 11 U.S.C. § 346.

5

such income, gain, loss, deductions, and credits shall be taxed to or claimed by the debtor under a State or local law imposing a tax on or measured by income and may not be taxed to or claimed by the estate. . . ."[13]

Section 1398 of the Internal Revenue Code contains specific provisions only with respect to cases commenced under Chapter 7 and Chapter 11 of the Bankruptcy Code in which the debtor is an individual.[14] The following section, however, expressly states that "[e]xcept in any case to which section 1398 applies, no separate taxable entity shall result from the commencement of a case under title 11 of the United States Code."[15] Accordingly, a Chapter 13 estate is not a "taxable entity" under the Internal Revenue Code.

Despite the language of this district's form of Order of Confirmation, there is simply no separate *taxable* estate to incur taxes under 11 U.S.C. § 503(b)(1)(B)(i) in a Chapter 13 case. "To hold the Chapter 13 estate liable for [a] tax when it does not exist as a taxable entity defies common sense as well as Congress' intent."[16] In *In re Brown*, Judge Rosenthal observed in dicta that he would have reached this same result had that case been filed post-BAPCPA.[17]

The Debtor urges me to follow *In re Dawes*. In that case, the Chapter 12 debtors proposed a plan which provided that capital gains taxes arising from a post-petition forced sale of farm equipment would be treated as general unsecured claims pursuant to 11 U.S.C. § 1222(a)(2)(A).[18]

---

[13] 11 U.S.C. § 346(b).

[14] *See* 26 U.S.C. § 1398.

[15] *See* 26 U.S.C. § 1399.

[16] *Brown*, 2006 WL 3370867 *3.

[17] *Id.* at *2.

[18] *Dawes*, 382 B.R. at 512.

6

Section 1222(a)(2)(A), as amended by BAPCPA, provides that a Chapter 12 plan shall provide for the full payment of all claims entitled to priority unless "the claim is a claim owed to a governmental unit that arises as a result of the sale . . . of any farm asset used in the debtor's farming operation, in which case the claim shall be treated as an unsecured claim that is not entitled to priority under section 507."[19]  The IRS objected to the plan on the basis that 11 U.S.C. § 1222(a)(2)(A) was inapplicable as the post-petition capital gains taxes were a personal obligation of the debtors and not an administrative expense of the estate entitled to priority under 11 U.S.C. § 507.  Observing that taxes are treated as an administrative expense if they are "incurred by the estate," the court found that phrase ambiguous.  It reasoned that "incurred by the estate" could reference either the time the liability for the tax accrues, or the entity liable for the tax.[20]  Looking to the legislative history quoted below, the court concluded that the phrase "incurred by the estate" must refer to *when* the tax liability is incurred:

> In general, administrative expenses include taxes which the trustee *incurs in administering the debtor's estate*, including taxes on capital gains from sales of property by the trustee and taxes on income earned by the estate *during the case*. Interest on tax liabilities and certain tax penalties incurred by the trustee are also included in this first priority.[21]

The court found support for this conclusion in Chapter 7 and 11 cases involving corporate debtors where capital gains taxes were treated as an administrative expense of the estate.[22]  Moreover, this

---

[19] 11 U.S.C. § 1222(a)(2)(A)

[20] *Id.* at 515.

[21] *Id.* at 516 (*quoting* S. Rep. No. 95-989, 95th Cong., 2d Sess. 66 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787) (emphasis in original).

[22] *See In re Sunnyside Coal Co.*, 146 F.3d at 1273; *In re Scott Cable Communications, Inc.*, 227 B.R. at 600; *In re Pacific-Atlantic Trading Co.*, 64 F.3d at 1301; *In re Hillsborough*

construction, the court reasoned, is consistent with the legislative purpose of 11 U.S.C. § 1222(a)(2)(A) in giving Chapter 12 debtors freedom to reorganize.

The *Dawes* court expressly rejected *In re Hall*,[23] another Chapter 12 case which relied on the *Brown* decision. In declining to follow *Hall*, the *Dawes* court questioned the *Hall* court's reliance on the "maxim that the courts are to 'assume that Congress is aware of existing law when it passes legislation.'"[24] Further, it found that while *Brown* primarily relied upon 11 U.S.C. § 1305, Chapter 12 has no similar provision.[25] As such, the court could not reconcile prior Chapter 13 case law which held that 11 U.S.C. § 1305 eliminates a tax creditor from receiving administrative claim status for taxes accruing post-petition and that the tax creditor has the option to not participate in a pending Chapter 13 proceeding.[26]

I disagree with the *Dawes* court's characterization that the phrase "incurred by the estate" is ambiguous. On its face, it means a liability accrued against the bankruptcy estate. The statutory text contains no temporal adjectives and it strains credibility to assume that Congress would have used such language if it simply meant "incurred during the estate" or "incurred post-petition." While I find it unnecessary to turn to the legislative history, and in fact, should not under the rules of statutory construction, I note the legislative history passage cited by the *Dawes* court does not

---

*Holdings Corp.*, 156 B.R. at 318.

[23] *In re Hall*, 376 B.R. 741 (Bankr. D. Az. 2007).

[24] *Dawes*, 382 B.R. at 520 (*quoting Hall*, 376 B.R. at 746).

[25] *Id.*

[26] *See In re Brensing*, 337 B.R. 376, 382 (Bankr. D. Kan. 2006)*; In re Gyulafia*, 65 B.R. 913 (Bankr. D. Kan. 1986).

8

mandate its interpretation.[27]

The *Dawes* court makes much of the Senate Report's use of the phrases "incurs in administering the debtor's estate" and "during the case." It, however, ignores the preceding words in both cases: "taxes which *the trustee* incurs . . . including taxes on capital gains from sales of property by *the trustee* and taxes on income earned by the estate during the case."[28] The passage, taken as a whole, indicates that Congress was focused on taxes incurred by the trustee during the administration of the estate. This is consistent with the special treatment afforded to certain Chapter 7 and 11 cases in both the Bankruptcy and Internal Revenue Codes.[29] In Chapter 7, unlike Chapter 13, the trustee must collect and liquidate estate property to administer the estate.[30] In Chapter 11, the trustee has broader duties in administering the estate than a Chapter 13 trustee.[31]

As the *Dawes* court indicated, Chapter 12, while modeled on Chapter 13, is a very different animal.[32] It is telling that the *Dawes* court could not reconcile its interpretation of 11 U.S.C. § 503 with 11 U.S.C. § 1305. Section 1305(a)(1) grants a taxing authority holding a post-petition claim the option to either file a proof of claim or elect not to participate in the bankruptcy. The Debtor suggests that until property re-vests in the Debtor, an event delayed in this district until the discharge

---

[27] *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241 (1989).

[28] S. Rep. No. 95-989, 95th Cong., 2d Sess. 66 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787) (emphasis supplied).

[29] *See* 11 U.S.C. § 346(b); 26 U.S.C. §§ 1398, 1399.

[30] *Tower Loan of Mississippi, Inc. v. Maddox (In re Maddox)*, 15 F.3d 1347, 1355 (5th Cir. 1994).

[31] *See* 11 U.S.C. §§ 1106, 1302.

[32] *Dawes*, 382 B.R. at 520.

by virtue of our local form Order of Confirmation, the effect of 11 U.S.C. § 1305(a) is vitiated. I am bound to construe the Bankruptcy Code "in a way that gives meaning and effect to all of the statutory words and phrases."[33] The interpretation advocated by the Debtor, however, would have the effect of rendering parts of 11 U.S.C. § 1305 ineffectual at least until discharge in every case.

In sum, just as the *Dawes* court found the analysis in *Brown* to be inapplicable to a Chapter 12 case, I find that it is not applicable to the Chapter 13 case here. Each chapter is unique and I need not address how 11 U.S.C. § 503(b)(1)(B)(i) interacts with each at this time. Accordingly, the Debtor cannot treat the MDOR's claim for unpaid post-petition taxes as an administrative expense of the estate in his Chapter 13 plan.[34]

## V. CONCLUSION

In light of the foregoing, I will enter an order sustaining the Objection.

*/s/ William C. Hillman*

_____
William Hillman
United States Bankruptcy Judge

Dated: May 28, 2008

---

[33] *Kibbe v. Sumski (In re Kibbe)*, 361 B.R. 302, 312 (B.A.P. 1st Cir. 2007).

[34] Although the IRS did not file an objection to the Fourth Amended Plan, the same principles apply to the Debtor's treatment of the IRS's claim for unpaid post-petition taxes, and I note that it will have an opportunity to object to the confirmation of any further proposed plans.